2024 IL App (1st) 240780B-U

No. 1-24-0780B

June 26, 2024

SIXTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 24 CR 0341 |
| | ) | |
| JOEL PADILLA, | ) | The Honorable |
| | ) | Maryam Ahmad, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Justices C.A. Walker & Tailor concurred.

**O R D E R**

¶ 1     *Held*: The trial court's written findings revoking pretrial release are not against the manifest weight of the evidence, where defendant was already on pretrial release for the violent felony of aggravated vehicular hijacking when he allegedly committed the new instant offenses of aggravated unlawful use of a weapon and misdemeanor criminal trespass to a vehicle.

¶ 2        Defendant-appellant Joel Padilla, by and through his attorney, brings this appeal under Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024) challenging the trial court's order entered on March 26, 2024, pursuant to, what is commonly known as, the Pretrial Fairness Act.[1] The trial court's written order revoked pretrial release where defendant, who was already on pretrial release for aggravated vehicular hijacking, was observed riding in a stolen vehicle with a loaded, uncased semi-automatic handgun next to his seat.

¶ 3        Defendant filed a notice, on May 13, 2024, in lieu of a written memorandum, stating that he asserted "one ground for relief." His one ground was that "the court did not cite any specific articulable facts of the case or Mr. Padilla's history; rather the court made a broad and general finding that a person with a gun is a threat." Contrary to defendant's assertion, the trial court's written order contained several case-specific findings: (1) "Def. was stopped pursuant to a traffic stop. Police recovered between him and the driver, in plain view, a loaded firearm"; (2) "It was uncased, loaded & immediately accessible. Def. has no FOID or CCL:; (3) "Def. is on pretrial release for an Agg. Veh. Hijacking. He still has access to illegal weapons. PTS & Em cannot prevent defendant from possessing & transporting loaded guns in public as in this case." In light of the trial court's case-specific written findings, we do not find persuasive defendant's assertion that the trial court made only "general" findings. For the following reasons, we affirm.

¶ 4                            BACKGROUND

¶ 5        The State filed a petition to revoke defendant's previously granted pretrial release. At the detention hearing on March 26, 2024, the State presented the following allegations.

---

[1] In 2021, the General Assembly passed two separate acts that "dismantled and rebuilt Illinois's statutory framework for the pretrial release of criminal defendants." *Rowe v. Raoul*, 2023 IL 129248, ¶4 (discussing Pub. Act 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023) (amending 725 ILCS 5/art. 110) (the Pretrial Fairness Act) and Pub. Act 102-1104 (eff. Jan. 1, 2023) (the Follow-Up Act).

Defendant has not disputed these allegations for purposes of this appeal; rather, he has raised, as his sole ground for relief, that the trial court made allegedly general, and not case specific, findings.

¶ 6        As noted above, defendant was already on pretrial release for aggravated vehicular hijacking, when he was found riding in a stolen vehicle with a loaded gun.

¶ 7        On March 25, 2024, police responded to a report of shots fired. This was at 6:30 in the morning, in the vicinity of 31st Street and Komensky Avenue, in Chicago. After arriving in the area, the police noticed a green Kia Sole with a driver and one passenger, which failed to stop at a stop sign.  Defendant was the passenger in the front seat, and a woman was driving. Officers activated their emergency equipment and tried to curb the Kia, but it kept going and proceeded through a solid red light.  After going through both the stop sign and the red light, the Kia struck another vehicle at an intersection and the Kia's two occupants fled on foot.  After a brief foot chase, officers detained defendant.  The officers subsequently learned that the Kia was stolen and that it contained a loaded gun. The officers found a loaded, uncased semiautomatic firearm in the cup holder of the center console.  The gun had a live round in its chamber and live rounds in its magazine.  Neither defendant nor the driver had a valid FOID card or conceal carry license. The driver also did not have a driver's license.  The cup holder with the gun was between the front passenger seat, where defendant had been sitting, and the driver's seat.

¶ 8        At the detention hearing, defendant's attorney noted, among other things, that defendant was 20 years old with no prior convictions; that, as the passenger, he lacked the ability to exit the vehicle once the chase began; that he had no failures to appear in the last

two years; and that he was a lifelong resident of Cook County. Counsel argued for "curfew in his family's home."

¶ 9    At the end of the hearing, the trial court found that the State had shown by clear and convincing evidence: (1) that defendant was in constructive possession of a firearm; (2) that defendant posed a threat to the community due to the loaded, uncased semi-automatic weapon right next to him; and (3) that there was no condition or combination of conditions that could mitigate this threat in light of the fact that defendant was already on pretrial release for a Class X, non-probationable felony when the new offenses occurred.

¶ 10    In its written order, entered March 26, 2024, the trial court made the written findings which we already quoted above, in paragraph 3. On April 9, 2024, defendant filed a notice of appeal, and this timely appeal followed.

¶ 11                                    ANALYSIS

¶ 12    Pretrial release is governed by Article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq* (West 2022)), and this article provides that a defendant's pretrial release may be denied only in certain statutorily limited situations. First, for pretrial release to be denied, the State must file a petition. 725 ILCS 5/110-2(a) (West 2022). Second, when a court considers the issue of release or detention, "[a]ll defendants shall be presumed eligible for pretrial release, and the State shall bear the burden of proving by clear and convincing evidence" that the following three propositions are true: (1) that the proof is evident or the presumption great that the defendant has committed a qualifying offense, (2) that the defendant's pretrial release poses a real and present threat to the safety of any person or the community, and (3) that less restrictive conditions would not avoid a real and present

threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-2(e) (West 2022).

¶ 13   To determine whether a defendant poses a real and present threat to any person or the community, the court may consider this non-exhaustive list of factors: 1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence involving a weapon or a sex offense; 2) the history and characteristics of the defendant; 3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; 4) any statements made by or attributed to the defendant, together with the circumstance surrounding the statements; 5) the age and physical condition of the defendant; 6) the age and physical condition of the victim or complaining witness; 7) whether the defendant is known to possess or have access to any weapons; 8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or other form of supervised release from custody; and 9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)). 725 ILCS 5/110-6.1(g) (West 2022).

¶ 14   Upon finding that a defendant poses a threat to the safety of any person or the community,  the defendant's likely willful flight to avoid prosecution, and/or the defendant's failure to abide by previously issued conditions of pretrial release, the trial court must determine if pretrial release conditions will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance with all the conditions of pretrial release.725 ILCS 5/110-5(a) (West 2022).  The court must consider 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; 4) the nature and seriousness of the specific, real and present threat to any person that would be

posed by the defendant's release; and 5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022).

¶ 15    The trial court's determinations regarding the dangerousness and or conditions of release are reviewed for an abuse of discretion. *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15. An abuse of discretion occurs when the decision of the trial court is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the trial court. *Id.*

¶ 16    A trial court's finding that the State presented clear and convincing evidence that mandatory conditions of release would fail to protect any person or the community, and/or that the defendant had a high likelihood of willful flight to avoid prosecution, or that the defendant failed to comply with previous conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release, will not be reversed unless those findings are against the manifest weight of the evidence. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill.2d 322, 332 (2008). Under this standard, we give deference to the trial court as the finder of fact as it is in the best position to observe the conduct and demeanor of the witnesses." *Deleon*, 227 Ill. 2d at 332.

¶ 17    Based on our review of the record, the trial court's determination that defendant met the standard of dangerousness, posing a real and present threat to the safety of any person or persons in the community, is not against the manifest weight of the evidence. Specifically, the charge of aggravated unlawful use of a weapon is a detainable qualifying offense under the Code (725 ILCS 5/110-6.1(a)(6)(O)(ii) (West 2022)) and the proof appears to be evident

and presumption great that the defendant committed said offense given the State's proffer of defendant's constructive possession of an unloaded and uncased gun, sitting right next to him, in the cup holder of the center console.

¶ 18 It further appears that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, given that defendant was already on pretrial release for aggravated vehicular hijacking, when the police observed him riding in a stolen vehicle with a loaded and uncased semi-automatic firearm next to him.

¶ 19 Defendant argues as his sole ground for relief on appeal that:

> "When addressing the second prong, whether Mr. Padilla posed a threat to person, persons or community, the court did not cite any specific articulable facts of the case or Mr. Padilla's history; rather the court made a broad and general finding that a person with a gun is a threat."

¶ 20 Section 110-6.1(h) of the Code requires that the trial "court shall, in any order for detention: (1) make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(h)(1) (West 2022). However, in the case at bar, the trial court's detention order did recite its findings in its written order. See *People v. Kimbereley*, 2024 IL App (1st) 232170-U, ¶¶ 32-36 (this court reversed and remanded in order to allow the trial court to enter a written order that complies with the Act).

¶ 21 Contrary to defendant's assertion that the trial court's findings were not case specific, the trial court's written order noted that the gun in question was "uncased, loaded & accessible" and "in plain view" and "next to him." Further, the order observed that this

defendant was on pretrial release for aggravated vehicular hijacking, but "still has access to illegal weapons." The order further pointed out that this defendant had "no FOID or CCL."

¶ 22                                    CONCLUSION

¶ 23        For the foregoing reasons, we do not find persuasive defendant's sole ground on appeal that the trial court's order made only generalized findings that were not case specific. On the contrary, we would prefer if more of the written orders which come before us were this detailed and case specific.

¶ 24        Affirmed.